UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GEORGE BARSOM | : |
| | : |
| v. | :    C.A. No. 12-808S |
| | : |
| P/V AQUIDNECK FERRY (O.N. 265223), her engines, tackle, apparel, appurtenances, etc., IN REM, AQUIDNECK FERRY & CHARTER, INC., IN PERSONAM | : : : : : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction filed pursuant to Fed. R. Civ. P. 12(c). (Document No. 17). Plaintiff opposes the Motion. (Document No. 19). A hearing was held on March 20, 2013. For the following reasons, I recommend that Defendants' Motion to Dismiss be DENIED.

**Background**

Plaintiff commenced this action on November 9, 2012. He asserts two in rem claims against the Passenger Vessel ("P/V") Aquidneck Ferry (the "Ferry") for recovery of possession (Count I) and declaration of true and lawful ownership (Count II). (Document No. 1, pp. 7-8).[1] Plaintiff asserts these in rem claims pursuant to Rule D of the Supplemental Rules For Admiralty or Maritime Claims and contends, in accordance with Fed. R. Civ. P. 9(h)(1) and 28 U.S.C. § 1333(1), that they are within this Court's admiralty subject matter jurisdiction. Plaintiff also asserts three related in personam claims

---

[1] On or about November 14, 2012, the Ferry was arrested by Order of this Court. However, the Ferry was released from arrest on or about December 3, 2012 pursuant to an agreement of the parties involving the posting of an alternate form of security pursuant to Rule E(5)(D). (Document No. 11).

against Aquidneck Ferry & Charter, Inc. ("AFC") asserting supplemental jurisdiction under 28 U.S.C. § 1367.

This case arises out of a Promissory Note (the "Note") and Collateral Assignment executed on May 22, 2012 by Mr. Addison Closson, in his capacity as President of AFC. (Document Nos. 1-1 and 1-3). Pursuant to the Note, AFC agreed to repay a sum of principal and interest to Plaintiff within sixty days or by July 22, 2012. The Note also provided that it was "secured solely" by the Collateral Assignment. (Document No. 1-1, p. 4). The Ferry and its operating permits were the assigned "collateral." (Document No. 1-3, p. 2). While the parties dispute the amount of the Note and circumstances of the transaction, it appears to be undisputed that Plaintiff loaned some amount of money to AFC, that AFC assigned the Ferry to Plaintiff as collateral and AFC has not made repayment. AFC, however, counterclaims that the loan was usurious and thus the Note and Collateral Assignment are void and unenforceable. (Document No. 13, pp. 13-15); see also R.I. Gen. Laws §§ 6-26-2 and 4. AFC's substantive defenses and counterclaims are not under consideration at this stage of the case.

**Standard of Review**

Defendants move to dismiss under Fed. R. Civ. P. 12(c). A motion under Rule 12(c) will "ordinarily warrant the same treatment" as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998). Thus, under Rule 12(c), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v.Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Ashcroft v. Iqbal, 556 U.S. 662, 679 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010).

Here, Defendants have asserted a facial challenge to this Court's subject matter jurisdiction. "In a facial challenge, the Court considers whether 'the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for purposes of the motion.'" Paolino v. JF Realty, LLC, C.A. No. 12-039ML, 2012 WL 3061594 *3 (D.R.I. July 26, 2012) (quoting Torres-Negron v. J&N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007)). "Factual averments in the complaint, as well as any reasonable inferences that might be drawn from them, are construed in favor of the plaintiff." Koussa v. United States, 261 F. Supp. 2d 91, 92 (D.R.I. 2003).

**Discussion**

Rule D provides for in rem jurisdiction over actions to assert title or a possessory right to a vessel or other maritime property. Such actions are commenced by arrest of the vessel or other property. A possessory suit under Rule D is one brought by a vessel owner who has been wrongly deprived of possession of their property. "[A] party seeking to arrest a vessel under Rule D must have legal title or

a legal claim to possession." Cary Marine, Inc. v. M/V Papillon, 701 F. Supp. 604, 606 (N.D. Ohio 1988) (emphasis omitted).  Further, the action "must seek to recover possession rather than to obtain original possession, and the [plaintiff] must allege wrongful deprivation of property." Offshore Express, Inc. v. Bergeron Boats, Inc., No. 77-2202-D, 1978 A.M.C. 1504 (E.D. La. Oct. 5, 1977) (also holding that contractual power to exercise dominion and control constitutes constructive possession "adequate for purposes of the requirement of prior possession"); see also Trueman v. Historic Steamtug New York, 120 F. Supp. 2d 228, 233 (N.D.N.Y. 2000) (holding that legal title "arguably transferred" by contract was sufficient to establish jurisdiction under Rule D).

Here, Plaintiff alleges in his Verified Complaint that, "by the terms of the Collateral Assignment, [he] was assigned 'all right, title and interest' to the [Ferry] on May 22, 2012." (Document No. 1, ¶ 11). Plaintiff also alleges that "[p]ursuant to the terms of the Collateral Assignment, [he] allowed AFC to 'occupy, operate and maintain' the [Ferry] until such a time as AFC was 'in default under the terms and conditions of the Note." Id., ¶ 12.  Finally, Plaintiff alleges that AFC failed to make the required payments and has been in default under the Note since August 6, 2012 and that AFC has wrongfully failed to return possession of the Ferry to him. Id., ¶¶ 15, 20.  These allegations are facially supported by the express terms of the Collateral Assignment. (Document No. 1-3).  Pursuant to the Collateral Assignment, AFC conveyed legal title to the Ferry to Plaintiff on May 22, 2012 "subject to" AFC's right to occupy, operate and maintain the Ferry and have all right, title and interest therein unless and until it defaulted under the Note. Id.  The Collateral Assignment also gives Plaintiff the right to "eject" AFC from possession of the Ferry and the "power and authority to require [AFC] to convey" the Ferry to Plaintiff. Id.  Accordingly, since Plaintiff alleges that he has both legal title and a claim to possession based on the terms of the Collateral Assignment and AFC's default on the Note, he has sufficiently alleged a right to relief under Rule D to withstand Defendants' Rule 12(c) challenge to jurisdiction.

**Conclusion**

Based on the foregoing, I conclude that Plaintiff has sufficiently stated a possessory claim under Rule D (Count I) to support this Court's admiralty subject matter jurisdiction.[2]  Thus, I recommend that Defendants' Motion to Dismiss (Document No. 17) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 27 , 2013

---

[2] Alternatively, Plaintiff has sufficiently stated a Rule D petitory action to adjudicate title to the Ferry (Count II) also within this Court's admiralty jurisdiction.  See Wehr v. Pheley, No. C 99-4574, 2000 WL 236438 at *3 (N.D. Cal. Feb. 16, 2000) (holding that a Rule D "petitory suit is utilized to assert legal title to a vessel, or to remove a cloud upon one's title, and is analogous to a suit to quiet title but with a specific adversary in mind, rather than to perfect a title against everyone in the world"); and Privilege Yachting, Inc. v. Teed, 849 F. Supp. 298, 301 (D. Del. 1994) ("In order to bring a petitory suit, the Plaintiff must assert legal title to the vessel.").