UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                  )
GEORGE BARSOM,                    )
                                  )
        Plaintiff,                )
                                  )
   v.                             )    C.A. No. 12-808 S
                                  )
P/V AQUIDNECK FERRY (O.N. 265223),)
her engines, tackle, apparel,     )
appurtenances, etc., in rem,      )
AQUIDNECK FERRY & CHARTER, INC.,  )
in personam,                      )
                                  )
        Defendants.               )
_____)
```

**ORDER**

WILLIAM E. SMITH, United States District Judge.

On March 27, 2013, United States Magistrate Judge Lincoln D. Almond issued a Report and Recommendation (ECF No. 24) in the above-captioned matter. Judge Almond recommended that this Court deny a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants, P/V Aquidneck Ferry (the "Ferry") and Aquidneck Ferry & Charter, Inc., pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 17).

Defendants timely objected to Judge Almond's Report and Recommendation on the grounds that Plaintiff did not possess a preferred ship mortgage with respect to the Ferry, therefore precluding federal subject matter jurisdiction (ECF No. 25). This argument is a red herring. It is true that federal

district courts have only limited admiralty jurisdiction to enforce the terms of certain preferred mortgages on vessels. See 46 U.S.C. § 31325; United Sportfishers v. Buffo, 396 F. Supp. 310, 311-12 (S.D. Cal. 1975).  Nevertheless, as Judge Almond notes, Rule D of the Supplemental Rules for Admiralty or Maritime Claims independently confers admiralty jurisdiction where the plaintiff seeks to recover legal title to a vessel that has been wrongfully deprived.  See, e.g., Gonzalez-Santini v. Lucke, Civil No. 13-1375(FAB), 2013 WL 3712343, at *4 (D.P.R. July 12, 2013); Offshore Express, Inc. v. Bergeron Boats, Inc., 1978 A.M.C. 1504 (E.D. La. 1977).

Because this Court agrees with Judge Almond's analysis, it hereby accepts his Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.

IT IS SO ORDERED.

/s/ *William E. Smith*
William E. Smith
United States District Judge
Date:  September 30, 2013